**In re COMBUSTION, INC.**

**Civil Action No. 94MDL4000.**

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

March 12, 1997.

———————

ORDER

HAIK, District Judge.

Before the Court is Travelers Indemnity's Motion for Summary Judgment (# 6366) Regarding Pollution Exclusion against Univer- sal Manufacturing, (# 6687). This issue is to be decided under Illinois law.

The facts and jurisdictional statement in this Court's Memorandum of January 15, 1997 is incorporated in full.

The only policy exclusion at issue in this motion is the "Travelers Exclusion." This exclusion precludes coverage for injuries arising out of the expected and intended release or escape of contaminants. Specifically the policy excludes coverage "if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any insured or any person or organization for whose acts or omissions any insured is liable . . . ." Travelers does not contend that Universal, its insured, intentionally contaminated, but that the intentional acts of a third party were sufficient to exclude insurance coverage for Universal for the resulting damage. Universal argues that there is no showing of intent on the part of the insured as required by the plain language of the policy and disputes the issue of whether the contamination by the third party was even intentional.

Determination of intent is a genuine issue of fact, and the disposition of a genuine issue of fact is improper for summary judgment. *LaSalle National Bank v. 850 De Witt Condominium Assoc.*, 211 Ill.App.3d 712, 718, 156 Ill.Dec. 130, 135, 570 N.E.2d 606, 611 (1991).

The Motion is hereby DENIED.